UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAKNEL LUIS GONZALEZ
GOVEA,

       Petitioner,

   v.

GARRETT RIPA *et al.*,

       Respondents,

Case No.:  2:26-cv-01593-SPC-KRH

## OPINION AND ORDER

Before the Court is Jaknel Luis Gonzalez Govea's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 9), and Gonzalez Govea's reply (Doc. 15).

Gonzalez Govea, a noncitizen in immigration detention, sought habeas relief from this Court in *Gonzalez Govea v. Ripa*, M.D. Fla. Case No. 2:26-cv-960-SPC-NPM.  He claimed the government unlawfully detained him under 8 U.S.C. § 1225(b)(2), which mandates detention, rather than § 1226(a), which authorizes discretionary detention and entitles detainees to a bond hearing. The Court agreed and ordered the respondents to either bring Gonzalez Govea before an immigration judge for a bond hearing or release him from custody.

On April 23, 2026, an immigration judge denied bond:

The record shows that the respondent entered the United States without inspection on October 11, 2021, and filed an application

> for asylum with the U.S. Citizenship and Immigration Services. The record does not contain a copy of that application for asylum, and the respondent could not articulate the basis for his claim of fear.
>
> The record does not contain evidence of a fixed address, employment, or assets in the United States. As sponsor, the respondent offered an individual described as a close personal acquaintance.
>
> Under the factors set forth in Matter of Guerra, 24 I&N Dec. 37 (BIA 2006), the court finds that the respondent has lived in the United States for a relatively short period of time, does not have any family ties to this country, no employment history, and no fixed address. Additionally, the court finds that the respondent's application for asylum is speculative.
>
> Therefore, the court finds that the respondent poses a significant flight risk, such that no monetary bond would be sufficient to ensure his appearance at future immigration hearings and, if necessary, his surrender for removal from this country.

(Doc. 9-1 at 15-16).  Gonzalez Govea has since filed a motion for reconsideration and a motion for another bond hearing, and the immigration judge denied both.

Gonzalez Govea argues the immigration judge erred by initially denying his bond request and declining to reconsider the decision based on additional evidence.  Despite his Gonzalez Govea's characterization of this action as a procedural due process claim, it is a challenge to discretionary decisions regarding the weight and meaning of certain evidence.  The proper way to challenge the result of a bond hearing is appeal to the BIA.  This Court does not have jurisdiction to review an immigration judge's discretionary bond decision:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e).  Accordingly, Gonzalez Govea's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 4, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

3